[Civ. No. 903. Second Appellate District.—March 24, 1911.]

NANNIE ROYAL et al., Respondents, v. CHARLES LANGE and FRANK M. McCUTCHEN, Respondents, and Mrs. ANNA SIEVERT, Appellant.

VENDOR AND PURCHASER—RESCISSION OF CONTRACT TO PURCHASE LAND —FRAUDULENT REPRESENTATIONS—FINDINGS—ULTIMATE FACT.—In an action by the plaintiffs to rescind a contract to purchase land for false and fraudulent representations of the defendants, findings by the court that the plaintiffs believed and relied upon such false representations, and that induced solely thereby plaintiffs gave consent to the contract, sufficiently state the ultimate fact entitling the plaintiffs to the relief sought.

ID.—UNNECESSARY FINDINGS — MATERIALITY — NONCONSENT WITHOUT FALSE REPRESENTATIONS.—It is not necessary that the findings should expressly state that the false representations were material, or that the consent of plaintiffs would not have been given had the false representations not been made.

APPEAL from a judgment of the Superior Court of Los Angeles County. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Roland G. Swaffield, for Appellant.

Tom C. Thornton, and Tobias R. Archer, for Plaintiffs-Respondents.

Swaffield & Hoodenpyl, for Defendants-Respondents.

JAMES, J.—This action was brought by plaintiffs to enforce the rescission of a contract made for the purchase of real property. It was alleged in the complaint that the consent of plaintiffs to the execution of the contract was obtained by means of false and fraudulent representations and pretenses. Findings and judgment were against the defendants, and from the judgment the defendant Anna Sievert has appealed. The only point relied upon by appellant is stated by her counsel in his brief as follows: "There is no finding that the misrepresentations were material, or that the consent of plaintiffs would not have been given had such representations not been made. . . . It is the contention of appellant that inasmuch as there is no finding in terms or in substance that the consent of plaintiffs would not have been given had it not been for the representations, the representations found cannot under the law of this state be held material. In short, that in order to recover the plaintiffs must allege and prove, and the court must find, that the consent of the plaintiffs to the contract in question would not have been given had it not been for the misrepresentations."

We do not agree with the construction given to the findings of the trial court by appellant's counsel. The court did find that the plaintiffs believed and relied upon the false representations, and that induced solely thereby they gave their consent to the contract. It was not necessary that the findings in terms should recite that the consent of plaintiffs would not have been given had the false representations not been made; a finding that the plaintiffs were induced solely by reason of the false representations to execute or make the contract is an equivalent statement of the ultimate fact, and altogether sufficient.

The judgment is affirmed.

Allen, P. J., and Shaw, J., concurred.